IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-62,032-01






EX PARTE VICTOR JOEL MORALES-ESQUIVEL, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

FROM CAUSE NO. 906719 IN THE 180TH JUDICIAL DISTRICT COURT OF
HARRIS COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant pleaded guilty to the offense of possession with intent to deliver cocaine, and
punishment was assessed at fifty years' confinement. Applicant's conviction was affirmed
on appeal. Morales-Esquivel v. State No. 01-03-00011-CR(Tex. App. --Dallas, delivered
February 5, 2004, no pet.).

 Applicant contends that he received ineffective assistance of counsel and that his plea
was not knowingly and voluntarily entered. Specifically, he alleges that he spoke almost no
English, and that counsel, who acted as his translator, possessed only a rudimentary
command of the Spanish language. According to Applicant, counsel informed him that he
was pleading guilty in exchange for a recommended punishment of fifteen years. When
Applicant received a fifty year sentence instead, he moved to withdraw his plea, but the trial
court denied the motion.

 The trial court has entered findings of fact and conclusions of law finding that 
Applicant has failed to overcome the presumption that his plea was knowingly and
voluntarily entered. The trial court also finds that Applicant has failed to demonstrate that
counsel was ineffective. However, because trial counsel has not been asked to respond to
Applicant's allegations, we do not believe that the trial court's factual findings are sufficient
to completely resolve the issues presented. Because Applicant has stated facts requiring
resolution and because this Court cannot hear evidence, it is necessary for the matter to be
remanded to the trial court for resolution of those issues. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits,
depositions, or interrogatories from counsel or it may order a hearing. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether counsel was able to
communicate with Applicant based on counsel's knowledge of Spanish or Applicant's
understanding of English. The court shall make findings as to whether Applicant ever
requested an interpreter, and if so, whether one was appointed for him. The court shall also
make findings as to whether counsel informed Applicant that he was pleading guilty in
exchange for a fifteen-year sentence, or whether any such agreement ever existed. The trial
court shall also make any further findings of fact and conclusions of law it deems relevant
and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety days of the date of this order. (1) A supplemental transcript
containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred and twenty days of the date of this
order. (2)


 IT IS SO ORDERED THIS THE 10TH DAY OF MAY, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.